667 So.2d 430 (1996)
Jim H. SPENCE, Appellant,
v.
STATE of Florida, Appellee.
No. 95-01156.
District Court of Appeal of Florida, Second District.
January 24, 1996.
James Marion Moorman, Public Defender, and Robert D. Rosen, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ron Napolitano, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
The appellant, Jim Spence, challenges the trial court's imposition of attorney's fees and certain court costs. We affirm in part, reverse in part, and remand for further proceedings.
We first reverse the imposition of fees in favor of the specially appointed public defender because the trial court failed to properly advise the appellant of his right to a hearing to contest the amount of the proposed assessment. Bourque v. State, 595 So.2d 222 (Fla. 2d DCA 1992). On remand, the appellant shall have thirty days from the date of our mandate within which to file a written objection to the amount of the fees. If an objection is filed, the trial court shall strike the assessment and shall not impose any new assessment without first affording appellant with notice and an opportunity to be heard pursuant to Florida Rule of Criminal Procedure 3.720(d)(1). Trice v. State, 655 So.2d 1270 (Fla. 2d DCA 1995).
We also reverse the trial court's imposition of the "cost/fine" of $33 because no statutory authority was cited to support its assessment. Sutton v. State, 635 So.2d 1032 (Fla. 2d DCA 1994). On remand, however, *431 the state may seek to reimpose these costs in accord with appellant's plea agreement by providing the proper statutory citation supporting their assessment. See Evans v. State, 653 So.2d 1103 (Fla. 2d DCA 1995).
Finally, we affirm the imposition of the discretionary cost imposed under section 943.25(13), Florida Statutes (1993). As the record reflects, the appellant specifically agreed to pay $288 in court costs as part of his written plea agreement, $2 of which the trial court later allocated in its judgment for the purposes expressed in this particular statutory section. Accordingly, we agree with the state's argument that appellant has waived any objection he had to the imposition of this discretionary cost. See Orleman v. State, 527 So.2d 303 (Fla. 2d DCA 1988).
Affirmed in part, reversed in part, and remanded for further proceedings.
BLUE, A.C.J., and LAZZARA and WHATLEY, JJ., concur.