684 So.2d 864 (1996)
Rogelio RODRIGUEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 95-02950.
District Court of Appeal of Florida, Second District.
December 13, 1996.
*865 James Marion Moorman, Public Defender, and Wayne S. Melnick, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Judge.
Rogelio Rodriguez appeals the sentence imposed, pursuant to his plea agreement, for leaving the scene of an accident resulting in the death of a person. Mr. Rodriguez's public defender filed a brief, pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting that he could find no meritorious issues to appeal. We reverse Mr. Rodriguez's sentence and remand for resentencing.
First, the trial court erred in scoring points for the death of the victim in this case. In Geary v. State, 675 So.2d 625, 626 (Fla. 2d DCA 1996), review denied, No. 88,220, 680 So.2d 422 (Fla. Aug. 30, 1996), which was not decided at the time of Rodriguez's sentencing or when the public defender filed his Anders brief, we held that it was error to score points for death where there was no evidence that the victims's death was caused by or was a direct result of the defendant's leaving the scene of the accident. Because the deletion of these points results in fewer total sentence points, we reverse Mr. Rodriguez's sentence and remand for resentencing with a corrected scoresheet.
We further strike the assessment of $269.75 in lump sum court costs because the trial court failed to cite any statutory authority. Spence v. State, 667 So.2d 430 (Fla. 2d DCA 1996); Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995). On remand the state may seek to reimpose these costs, in accordance with Mr. Rodriguez's plea agreement, after providing proper statutory authority. We affirm the imposition of the $2.00 discretionary cost imposed pursuant to section 943.25(13), Florida Statutes (1993). See Spence, 667 So.2d at 431.
Finally, as a condition of his five-year probationary term, the trial court required Mr. Rodriguez to visit the victim's grave site once a month and make "whatever type of improvements or work" as directed "by the widow or family for the maintenance of the grave site." We delete the requirement that the victim's family direct Mr. Rodriguez's work on the grave site. At resentencing, the trial court may modify this condition to require Mr. Rodriguez to clean the victim's grave site monthly during the term of his probation and report to his probation officer that he has done so.
*866 Reversed and remanded for resentencing with directions.
FRANK, A.C.J., and HALL, VINCENT T., Senior Judge, concur.