PER CURIAM.
Carlos Pardes appeals his judgment and sentence for possession of marijuana with intent to sell or deliver. We affirm his conviction, including the denial of his motion to suppress evidence. See State v. Butler, 655 So.2d 1123 (Fla.1995). We affirm condition twelve of Mr. Pardes’s probation order. See §§ 948.03(l)(k)l. and 2., Fla.Stat. (Supp. 1994). We also affirm the imposition of $100 for the costs of prosecution because Mr. Pardes agreed to pay this amount without objection, and the Manatee County Sheriff’s Office filed an affidavit claiming that it had incurred these investigation costs. See § 939.01, Fla.Stat. (1993); Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995).
We modify condition eight of Mr. Pardes’s probation order to comport with the statutory requirement that he “[w]ork faithfully at suitable employment insofar as may be possible.” § 948.03(l)(e), Fla.Stat. (Supp.1994). We strike condition two because it does not comport with the trial court’s pronouncement at sentencing that waived costs of supervision. See Ayers v. State, 651 So.2d 1226, 1227 (Fla. 2d DCA 1995).
At the top of Mr. Pardes’s probation order is an unusual computer-printed memorandum that appears to be a summary of the sentencing hearing on July 13, 1995. It states “waiver of privileged communication signed and filed with probation.” There is no special condition of probation in the remainder *824 of the order that requires such a waiver. To the extent that this computer-printed memorandum might be construed as a special condition of probation, it is invalid as overly broad and unrelated to this offense, and is stricken. See Williams v. State, 661 So.2d 59 (Fla. 2d DCA 1995).
The computer-printed memorandum also contains the only written reference to court costs — a flat sum of $250. Mr. Pardes agreed to this amount in his written plea agreement and at the sentencing hearing. It appears that $200 is authorized by section 27.3455(1), Florida Statutes (1993), and $50 is authorized by section 960.20, Florida Statutes (Supp.1994). Nevertheless, because the trial court failed to provide statutory authorities for the $250 court costs, we are required to strike the costs. Rodriguez v. State, 684 So.2d 864 (Fla. 2d DCA 1996). While this may seem overly technical, there are important practical reasons for requiring citation to these statutes in the sentencing documents. If the trial court intended to impose costs under the above statutes, then the payments should be made to two separate funds. See Reyes, 655 So.2d at 115. If the trial court intended to impose costs under statutes other than the two identified by this court, it is possible that the payments should be deposited in other accounts. The agency receiving any payment from Mr. Pardes will not know from this order how to allocate the funds. An independent auditor could not establish whether payments had been properly deposited into the correct accounts. On remand, the trial court may reimpose these costs, in accordance with the plea agreement, with proper citation to statutory authority. See Spence v. State, 667 So.2d 430 (Fla. 2d DCA 1996).
Affirmed in part, reversed in part, and remanded with directions.
BLUE and NORTHCUTT, JJ., concur.
ALTENBERND, A.C.J., concurs specially.