698 So.2d 1288 (1997)
Patrick TOLBERT, Appellant,
v.
STATE of Florida, Appellee.
No. 96-00209.
District Court of Appeal of Florida, Second District.
August 20, 1997.
Rehearing Denied September 18, 1997.
James Marion Moorman, Public Defender, and Tosha Cohen, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
In this appeal, the defendant, Patrick Tolbert, raises two challenges to the sentences imposed for his three convictions of battery on a law enforcement officer. We *1289 find no merit to his claim that certain prior convictions should not have been scored on his sentencing guidelines scoresheet because they were based on allegedly involuntary pleas. Challenges to the voluntariness of a plea must be made by the timely filing of a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850.
The defendant also asserts that two discretionary costs must be stricken because, even though the written sentence includes the proper statutory citations, the costs were not orally announced. However, the defendant agreed to pay court costs as part of his written plea agreement and, therefore, waived any objection to the imposition of discretionary costs without oral announcement. See Rodriguez v. State, 684 So.2d 864, 865 (Fla. 2d DCA 1996); Spence v. State, 667 So.2d 430, 431 (Fla. 2d DCA 1996).
Although not addressed by the parties, our review of the record reveals that the defendant was ordered to pay $110 for "prosecution/investigative" costs pursuant to section 939.01, Florida Statutes (1995). The State made no request for such costs, nor was there any documentation offered to support the assessment. The defendant's agreement to pay statutory costs does not alleviate the trial court's obligation to impose these costs in accordance with the procedures set forth in section 939.01. A trial court has no authority to impose prosecution and investigative costs absent a request and documentation. To do so constitutes an illegal sentence. See Bisson v. State, 696 So.2d 504 (Fla. 5th DCA 1997); Mickler v. State, 682 So.2d 607, 609 (Fla. 2d DCA 1996); Reyes v. State, 655 So.2d 111, 119 (Fla. 2d DCA 1995) (en banc).
Accordingly, we affirm the judgment and sentence and strike the prosecution and investigative costs. These costs may be reimposed upon remand provided the requirements of section 939.01 are met. See Mickler, 682 So.2d at 609-610.
DANAHY, A.C.J., and SCHOONOVER and FULMER, JJ., concur.