BLUE, Judge.
James Frank Stark appeals his convictions and sentences for sale of cocaine and possession of cocaine. We affirm his convictions. As to his sentences, we affirm in part, reverse in part, and remand for resentencing as discussed below.
On the sale of cocaine conviction, Stark received a habitual offender sentence, which we affirm. The trial court orally imposed judgment hens for the public defender fee, court costs, and restitution/costs to the police department. In the written order of probation, however, these amounts are listed as conditions of probation. Because the trial court did not impose these amounts as conditions of probation, the written order of probation does not match the trial court’s oral pronouncements. Accordingly, we strike the conditions of probation directing payment of the above-mentioned fees and costs. The trial court shall enter the judgment liens orally announced at sentencing. We specifically affirm the amount of the lien in favor of the police department because Stark failed to timely object to this amount before the trial court. See Pardes v. State, 696 So.2d 823 (Fla. 2d DCA1997).
Additionally, we reverse the guidelines sentence imposed on the possession of cocaine conviction. Stark’s scoresheet included points for the sale of cocaine conviction. Because Stark was sentenced as a habitual offender on this offense, it was error to include the sale of cocaine on the score-sheet. See Eblin v. State, 677 So.2d 388 (Fla. 2d DCA 1996). Accordingly, we reverse the guidelines sentence and remand for resentencing with a corrected scoresheet.
Convictions affirmed; sentence on the sale of cocaine conviction affirmed, certain probation conditions stricken; sentence on the possession of cocaine conviction reversed and remanded for resentencing with a corrected scoresheet.
PARKER, C.J., and NORTHCUTT, J., concur.