785 So.2d 1239 (2001)
Keith HOCHHAUSER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-761.
District Court of Appeal of Florida, Fourth District.
May 23, 2001.
Fred Haddad of Haddad & Hester, P.A., Fort Lauderdale, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Claudine M. LaFrance, Assistant Attorney General, West Palm Beach, for appellee.
STEVENSON, J.
Keith Hochhauser attempts to appeal his 14.5 year prison sentence, which falls at the bottom of the sentencing guidelines, arguing that the trial court abused its discretion in failing to grant his motion for a downward departure sentence. Hochhauser contends that his guidelines sentence must be reversed because the trial judge incorrectly believed she did not have the authority to downwardly depart and because the evidence he presented was sufficient to warrant such a departure. We are compelled to dismiss this appeal.
As an initial matter, we note that the record on appeal simply does not support the first of appellant's contentions; the trial judge's comments at the sentencing hearing clearly show that she was well aware of her authority to depart, but simply declined to do so. Thus, appellant is left only with his argument that the trial court abused her discretion in not entering a downward departure sentence. Such a challenge to a sentence within the guidelines will not support this court's criminal appellate jurisdiction See Guzzi v. State, 736 So.2d 37 (Fla. 4th DCA 1999); see also § 924.06(1)(a)-(e), Fla. Stat. (2000).[1]
APPEAL DISMISSED.
WARNER, C.J., and HAZOURI, J., concur.
NOTES
[1] Hochhauser's crimes were committed during the months of June and August 1998, and his notice of appeal was filed in February of 2000. The 1997 version of section 924.06(1) was in effect at the time of the commission of Hochhauser's crimes. Amendments that became effective on October 1, 1998, deleted the 1997 subsection (e) permitting appeal of a sentence outside the guidelines, Ch. 97-194, § 27, at 3715, Laws of Florida, and added a new subsection (e) referencing the Criminal Punishment Code, Ch. 98-204, § 13, at 1970, Laws of Florida. With the addition of this new subsection (e), a defendant may appeal the length of a sentence only if it exceeds the statutory maximum or is otherwise illegal.