792 So.2d 613 (2001)
Eddie NEAL, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-638.
District Court of Appeal of Florida, Fourth District.
August 22, 2001.
Richard G. Bartmon of Law Offices of Bartmon & Bartmon, Boca Raton, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, for appellee.
DELL, J.
Eddie Neal appeals his conviction for second-degree murder. He contends that the trial court erred when it admitted evidence that the only eyewitness called to testify had given prior consistent statements to the police and at a co-defendant's trial. He also contends that the state *614 failed to present sufficient competent evidence to support his conviction of second-degree murder. We affirm.
Appellant, Kevin Gamble, Grady Williams, and two other men were together when Gamble received a page from his girlfriend Rachel and learned that someone had robbed her. The five men drove to Rachel's location. While Gamble was talking to Rachel, the victim, Theodore Jackson, approached and told Gamble that he could take Gamble to find a person named Dino, who supposedly robbed Rachel. The six men got into the car and cruised the streets looking for Dino.
When they found Dino, Jackson identified him as the robber, but Dino told the men that Jackson was with him when Rachel was robbed. A fight ensued, during which appellant, Gamble, and Williams struck Jackson. Jackson fell to the ground and while lying on the ground, appellant struck him in the head with a brick three times.
After his arrest almost six weeks later, Williams, who was seventeen at the time of the crime, entered into a plea bargain in which the charge against him was reduced to manslaughter. He was sentenced to six years in a youthful offender facility. A condition of the plea required him to he testify at the trials of Gamble and appellant.
Williams was the only eyewitness to testify at appellant's trial. On direct examination, the prosecutor elicited the fact that upon his arrest, Williams made a statement to the police. On cross-examination, defense counsel made a determined and vigorous assault upon Williams' credibility, specifically accusing Williams of having invented his story in order to secure lenient treatment. The state on redirect asked whether Williams had testified at Gamble's trial, and whether his testimony in appellant's trial was the same as that he had given at Gamble's trial and in his original statement to the police. Williams answered these questions in the affirmative. Appellant contends that this testimony was inadmissible hearsay.
Section 90.801(2)(b) provides that a statement is not hearsay if the declarant testifies at trial and is subject to cross-examination concerning the statement, and the statement is consistent with his testimony and offered to rebut a charge of improper influence, motive, or recent fabrication. Gardner v. State, 480 So.2d 91 (Fla.1985). Appellant correctly argues that such a statement is inadmissible to rebut the charge of recent fabrication if the prior consistent statement was made after the witness' motive to lie arose, relying upon Jackson v. State, 498 So.2d 906 (Fla.1986). However, the Florida Supreme Court also held in Rodriguez v. State, 609 So.2d 493 (Fla.1992), cert. denied, 510 U.S. 830, 114 S.Ct. 99, 126 L.Ed.2d 66 (1993), that a prior consistent statement that a witness gives before plea negotiations is admissible because it is given before the witness' motive to lie arises. Despite defense counsel's accusations, Williams repeatedly testified that the story he told at trial was the truth. On redirect examination, he testified that his testimony was consistent not only with his testimony at his cousin Kevin Gamble's trial, but also with the statement he made to the police before any plea negotiations occurred.
For the reasons discussed in Rodriguez, we hold that the admission of Williams' testimony concerning his prior consistent statement to the police was not error. However, the admission of Williams' testimony concerning his consistent testimony at Kevin Gamble's trial was error. Gamble's trial occurred after Williams negotiated his plea. However, we hold that the *615 error was harmless in this case. See Anderson v. State, 574 So.2d 87 (Fla.1991).
Appellant also contends that the evidence is not sufficient to support his conviction. He argues that Williams' testimony is unworthy of belief and, therefore, the evidence is insufficient to support his conviction. The supreme court discussed the distinction between an appellate reversal based on evidentiary weight and one based on evidentiary sufficiency in Tibbs v. State, 397 So.2d 1120 (Fla.1981), aff'd, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982).
As a general proposition, an appellate court should not retry a case or reweigh conflicting evidence submitted to a jury or other trier of fact. Rather, the concern on appeal must be whether, after all conflicts in the evidence and all reasonable inferences therefrom have been resolved in favor of the verdict on appeal, there is substantial, competent evidence to support the verdict and judgment. Legal sufficiency alone, as opposed to evidentiary weight, is the appropriate concern of an appellate tribunal.
Id. at 1123 (footnotes omitted). The supreme court ordered that "no appellate court should reverse a conviction or judgment on the ground that the weight of the evidence is tenuous or insubstantial." Id. at 1125. Accordingly, we hold that the record contains sufficient competent evidence to support appellant's conviction of second-degree murder.
AFFIRMED.
STEVENSON and GROSS, JJ., concur.