796 So.2d 572 (2001)
Walter PATTERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-2901.
District Court of Appeal of Florida, Second District.
September 7, 2001.
*573 James Marion Moorman, Public Defender, and Richard P. Albertine, Jr., Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Acting Chief Judge.
Walter Patterson appeals his sentences for two counts of burglary and one count of grand theft. Mr. Patterson received concurrent, habitual offender sentences of twelve years' imprisonment for each burglary and a concurrent sentence of five years' imprisonment for grand theft. The sentences were imposed pursuant to a written plea agreement. We affirm in part and reverse in part.
Mr. Patterson raises three issues, all of which he preserved by filing a motion to correct sentence pursuant to Florida Rule of Criminal Procedure 3.800(b)(2).[1] Mr. Patterson asserts that (1) the trial court abused its discretion in failing to impose a downward departure sentence, (2) the scoresheet applicable to the grand theft charge contained errors, and (3) the trial court erred in imposing a discretionary cost of $150. We find reversible error only as to the third issue.
*574 Mr. Patterson committed his offenses on February 19, 1999, and is thus subject to the provisions of the Criminal Punishment Code. See § 921.002, Fla. Stat. (Supp.1998). The State argues that this court lacks "jurisdiction" to review whether the trial court abused its discretion in failing to impose a downward departure sentence. See § 924.06(1)(a-e), Fla. Stat. (Supp.1998); Hochhauser v. State, 785 So.2d 1239 (Fla. 4th DCA 2001). This court has jurisdiction over Mr. Patterson's appeal of his sentences. See Fla. R.App. P. 9.030(b)(1)(A); 9.140(b)(1)(E), (F). We conclude, however, that section 924.06(1) restricts this court's scope of review. The current statutory scheme does not give this court the power to review on direct appeal a trial court's discretionary decision to deny a downward departure. Mr. Patterson's sentences are not illegal, and we conclude that the sentences contain no error that we are empowered to correct.
Mr. Patterson next challenges errors appearing on the face of his scoresheet. The trial court considered a scoresheet that included all of Mr. Patterson's offenses, including the ones for which he received habitual offender sentences. The scoresheet also included points for a community sanction violation. Although the scoresheet is incorrect, we find these errors harmless. Because Mr. Patterson received habitual offender sentences for each burglary charge, the scoresheet applied only to the grand theft charge. The five-year sentence Mr. Patterson received for this charge is a legal sentence, and Mr. Patterson agreed to the sentence when entering his plea to all of the charges.
We reverse, however, that portion of the judgment requiring Mr. Patterson to pay $150 pursuant to section 939.18(1)(b), Florida Statutes (1999). Section 939.18(1)(b) allows the trial court to impose this discretionary cost if it finds that the person has the ability to pay the cost, and payment of the cost will not interfere with the person's ability to pay child support and restitution. The trial court did not make these findings. In his plea agreement, Mr. Patterson waived any objection to the trial court's failure to orally impose this cost. This waiver, however, did not excuse the trial court's compliance with the provisions of section 939.18(1)(b), particularly when the findings required by section 939.18(1)(b) are for the protection of third parties who may be owed restitution or child support. Cf. Tolbert v. State, 698 So.2d 1288 (Fla. 2d DCA 1997) (holding trial court must comply with procedures in imposing discretionary costs pursuant to section 939.01, Florida Statutes (1995), notwithstanding plea agreement purporting to waive objections to costs). We reverse this portion of the sentence and remand to strike this cost from the judgment. The trial court may again impose this cost after complying with section 939.18(1)(b). Tolbert, 698 So.2d 1288.
Affirmed in part, reversed in part, and remanded.
NORTHCUTT and CASANUEVA, JJ., Concur.
NOTES
[1] The trial judge did not rule upon Mr. Patterson's motion within sixty days, and the motion is therefore deemed denied. See Fla. R.Crim. P. 3.800(b)(2)(B).