868 So.2d 1250 (2004)
Ana JORQUERA, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-3591.
District Court of Appeal of Florida, Fourth District.
March 24, 2004.
*1251 Steven J. Hammer of Law Office of Steven J. Hammer, P.A., Fort Lauderdale, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
Appellant was convicted and sentenced for trafficking in amphetamines and possession of MDMA. She raises six issues, none of which constitute reversible error. We affirm and address each issue summarily.
Appellant was tried with her co-defendant, Alberto Eliakim, whose conviction was recently upheld by this court. See Eliakim v. State,___So.2d___, 2004 WL 432488 (Fla. 4th DCA Mar.10, 2004). The facts of this case are fully set forth in that opinion. Essentially, a confidential informant contacted Kelly Martelo to purchase a large quantity of drugs. Martelo in turn contacted appellant to obtain them. Appellant involved Eliakim. After all were arrested for the transaction, Martelo entered into a substantial assistance agreement and testified against appellant and Eliakim.
In her first issue on appeal, appellant argues that the court erred in denying her motion to suppress evidence, because the initial stop or detention was unlawful. However, based upon the evidence from her co-defendant who testified for the state, as well as the observations of the officers conducting the surveillance and stop, the totality of the circumstances provided *1252 the officers with reasonable suspicion that appellant was involved in a drug transaction. See G.A.M. v. State, 780 So.2d 288, 290 (Fla. 4th DCA 2001) (noting that in order to justify a temporary detention, the detaining officer must have a reasonable suspicion of criminal activity based upon the totality of the circumstances as viewed by an experienced police officer).
Second, appellant contends that the evidence at trial was insufficient to support her conviction. Her argument is based upon the lack of credibility of Martelo, who was the only witness putting drugs in appellant's possession. However, Martello's testimony was legally sufficient; her credibility and bias go to the weight of the evidence, not its legal sufficiency. See Tibbs v. State, 397 So.2d 1120, 1125 (Fla. 1981); Neal v. State, 792 So.2d 613, 615 (Fla. 4th DCA 2001).
Third, contrary to the argument she made at trial, on appeal appellant contends that the court erred in prohibiting cross-examination of Martelo as it pertained to the benefits received by Martelo based upon the information provided to law enforcement of prior drug deals. At trial, Eliakim's counsel attempted to cross-examine Martelo on the substantial assistance agreement she entered into with the state and any prior drug deals she had with appellant. Appellant's counsel agreed that defense counsel should be allowed to examine Martelo's agreement with the state but objected to an inquiry as to Martelo's prior dealings with appellant. The court allowed the parties to inquire as to prior deals and the arrangement with the state but restricted them from specifically naming persons with whom Martelo conducted these deals. Rather than completely restricting cross-examination, the court agreed to listen to each individual question and allow objections where necessary. Appellant made no objection to the court's restrictions on cross-examination, so this issue was not preserved. See Steinhorst v. State, 412 So.2d 332, 338 (Fla. 1982). In any event, the court gave appellant, as well as co-defendant Eliakim, great latitude in questioning Martelo. They were able to elicit the details of her substantial assistance agreement as well as the details of several prior drug transactions. They were not allowed to name appellant in any of those deals, but she quite naturally strongly objected to that evidence.
Similarly, appellant maintains that the court allowed the prosecutor to make improper comments, but those comments were not objected to by appellant, nor did she join in Eliakim's objection. See Longo v. State, 580 So.2d 212, 215 (Fla. 4th DCA 1991) (citing Charles v. State, 565 So.2d 871 (Fla. 4th DCA 1990)). We do not deem the prosecutor's limited remarks, unrelated as they were to any of the elements of the offense, as sufficiently objectionable as to warrant a reversal for fundamental error.
In her fifth issue on appeal, appellant contends that the court erred in denying her request to instruct the jury on the lesser included crime of attempt and denying her request for a circumstantial evidence instruction. Because the evidence proved only a completed offense, and no evidence supported an attempt, the court properly denied the instruction. See Fla. R.Crim. P. 3.510(a). As to the circumstantial evidence instruction, the trial court gave proper instructions on reasonable doubt and burden of proof; therefore, an instruction on circumstantial evidence was unnecessary. See Floyd v. State, 850 So.2d 383, 400 (Fla.2002).
Finally, as to her sentence, appellant argues that the trial court erred in *1253 denying her motion for downward departure. The current statutory scheme does not give this court the power to review a trial court's discretionary decision to deny a downward departure. See § 924.06(1), Fla. Stat. (2003); Patterson v. State, 796 So.2d 572, 574 (Fla. 2d DCA 2001).
Affirmed.
STONE and STEVENSON, JJ., concur.