SCHEB, JOHN M„ Senior Judge.
In this appeal filed pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), William Fernandez appeals his judgment and sentence for grand theft. We find merit only in appellate counsel’s argument that the trial court improperly imposed a $150 cost for the court improvement fund under section 939.18, Florida Statutes (2003), as part of Fernandez’s sentence without considering *354 his financial ability to pay. We affirm Fernandez’s judgment and sentence in all other respects without discussion.
“Section 939.18(l)(b) allows the trial court to impose this discretionary cost if it finds that the person has the ability to pay the cost, and payment of the cost will not interfere with the person’s ability to pay child support and restitution.” Patterson v. State, 796 So.2d 572, 574 (Fla. 2d DCA 2001). In this ease, the trial court failed to conduct the statutorily required inquiry. We therefore reverse that portion of Fernandez’s sentence imposing the $150 cost and remand to strike this cost from his sentence. The trial court may again impose this cost after complying with section 939.18(l)(b). See Strickland v. State, 889 So.2d 219, 220 (Fla. 2d DCA 2004); Patterson.
Affirmed in part, reversed in part, and remanded.
CASANUEVA and SALCINES, JJ., Concur.