GERBER, J.
 

 The defendant was convicted of one count of first degree felony murder and three counts of armed robbery with a firearm. He argues that the trial court abused its discretion in sustaining the state’s objection to a question which he posed during cross-examination of an accomplice testifying against him. We affirm because the answer to the question was irrelevant.
 

 During the cross-examination, the accomplice testified he was cooperating with the police on other cases. The accomplice further testified he told a detective that another person in the jail confessed to a different first-degree murder. The defendant then asked, “So this person — you’re in the same cell with this person?” The state objected. The trial court sustained the objection, commenting, “Not relevant.” The defendant requested a sidebar. He argued it was relevant that the accomplice called a detective to come to the jail so that he could give statements against other people to get a reduced sentence. The state responded, “[Yjou’re going to specific who.” The trial court added, “You can’t do that. He’s answered the question already. You — everything that you have just said you want in has come in.”
 

 On appeal, the defendant argues that the trial court’s ruling: (1) impermissibly limited his cross-examination to mirroring the inquiry of the direct examination; and (2) generally infringed on his Sixth Amendment right of confrontation through cross-examination. We address each argument in turn.
 

 The trial court did not limit the defendant’s cross-examination to mirroring the inquiry of the direct examination. The accomplice’s cooperation with the police on other cases arose during cross-examination, thus going beyond the direct examination.
 

 The trial court also did not infringe on the defendant’s Sixth Amendment right of confrontation through cross-examination. We recognize that the Sixth Amendment guarantees the right of an accused to attack a witness’ credibility by means of cross-examination directed toward revealing possible biases or ulterior motives of the witness as they may relate to the case at hand.
 
 Davis v. Alaska,
 
 415 U.S. 308, 315-16, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974). We further recognize that “a trial court may not prohibit cross-examination when the facts sought to be elicited are germane to that witness’ testimony and plausibly relevant to the theory of defense.”
 
 Martino v. State,
 
 964 So.2d 906, 908 (Fla. 4th DCA 2007) (citations and internal quotations omitted). However, “[ajlthough wide latitude is permitted on cross-examination in a criminal trial, a determination as to the scope of cross-examination lies within the sound discretion of the trial court.”
 
 Eliakim v. State,
 
 884 So.2d 57, 60 (Fla. 4th DCA 2004). “[Discretion is abused only where no reasonable person would take the view adopted by the trial court.”
 
 Id.
 
 (citation omitted).
 

 Here, the trial court did not abuse its discretion. The defendant did not show how the identities of the accused persons
 
 *873
 
 in the other cases were germane to the accomplice’s testimony or were plausibly relevant to the theory of defense. The identities would not have tended to prove or disprove the undisputed material fact that the accomplice was cooperating with the police to get a reduced sentence.
 

 In reaching our holding today, we compare this case to our previous companion opinions in
 
 Eliakim
 
 (cited above) and
 
 Jorquera v. State,
 
 868 So.2d 1250 (Fla. 4th DCA 2004). In those cases, Eliakim, Jor-quera, and a woman named Martelo were charged with trafficking in controlled substances.
 
 Eliakim,
 
 884 So.2d at 59. Martelo entered into a substantial assistance plea agreement with the state and testified at the joint trial of Eliakim and Jorquera.
 
 Id.
 
 The trial court initially allowed the defendants to question Martelo as to “pri- or deals and the arrangement with the state
 
 but restricted them from specifically naming persons with whom Martelo conducted these deals.” Jorquera,
 
 868 So.2d at 1252 (emphasis added).
 

 During cross-examination, Jorquera questioned Martelo extensively about her substantial assistance plea agreement, focusing upon benefits that flowed from the agreement, such as favorable treatment on her bond, sentence, and subsequent criminal charges and probation violations.
 
 El-iakim,
 
 884 So.2d at 62. Jorquera also questioned Martelo about drug deals and arrests she brought about pursuant to her plea agreement.
 
 Id.
 
 Eliakim further questioned Martelo about the nature of her relationship with these persons she “set up.”
 
 Id.
 
 When Eliakim attempted to delve more deeply into Martelo’s prior relationship with these people and elicit evidence of any prior drug involvement between them, the state objected on relevancy grounds.
 
 Id.
 
 The court sustained the objection,
 
 “but clarified that [Eliakim] could elicit the names of the persons arrested pursuant to [Martelo’s] plea obligations,
 
 the general nature and length of her relationship -with them, the circumstances of their arrests, and the charges for which they were arrested. In addition, the court ruled that [Eliakim] could elicit details regarding any benefits Mar-telo received from her plea agreement, including any immunity she was offered.”
 
 Id.
 

 Despite the fact that the trial court ultimately allowed inquiry into the names of the persons arrested pursuant to Martelo’s plea obligations, both Eliakim and Jorqu-era still argued on appeal that the trial court erred in restricting their cross-examinations of Martelo.
 
 Eliakim,
 
 884 So.2d at 62;
 
 Jorquera,
 
 868 So.2d at 1252. We affirmed on Eliakim’s appeal, reasoning that Eliakim “was allowed to question Martelo extensively on the pertinent details of her plea agreement and establish her motive or bias in testifying against appellant. Accordingly, we do not find that the trial court’s ruling prevented effective impeachment of Martelo or placed undue restriction on the development of appellant’s defense.”
 
 Eliakim,
 
 884 So.2d at 62-68. We also affirmed on Jorquera’s appeal, commenting that “the court gave appellant, as well as co-defendant Eliakim, great latitude in questioning Martelo. They were able to elicit the details of her substantial assistance agreement as well as the details of several prior drug transactions.”
 
 Jorquera,
 
 868 So.2d at 1252.
 

 Had the trial court in
 
 Eliakim
 
 and
 
 Jor-quera
 
 not allowed inquiry into the names of the persons arrested pursuant to Mar-telo’s plea obligations, our holdings and reasoning in those cases would have been the same because of the other information which the defendants were able to elicit. Our result here should be the same as well. Here, the defendant was able to elicit that the accomplice was cooperating with the police on other cases, including a
 
 *874
 
 case in which another person in the jail confessed to a different first-degree murder. The defendant did not show how the identities of the accused persons in those other cases would have been relevant. Thus, the trial court did not abuse its discretion in restricting inquiry into those persons’ identities.
 

 Affirmed.
 

 TAYLOR and CIKLIN, JJ„ concur.