DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOHN HENRY FOGARTY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-3157

[December 17, 2014]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Richard Oftedal, Judge; L.T. Case No. 2011CF010150AMB.

Carey Haughwout, Public Defender, and Emily Ross-Booker, Assistant Public Defender, West Palm Beach, and John Henry Fogarty, South Bay, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.

*EN BANC*

*ON MOTION FOR REHEARING*

WARNER, J.

We deny appellant's motion for rehearing, withdraw our previous opinion, and issue the following in its place.

Appellant, John Fogarty, pled guilty to DUI manslaughter and sought a downward departure sentence from his lowest permissible sentence of 124.5 months in prison. After a full hearing, the trial court denied the downward departure and sentenced him to eleven years in prison. He appealed, and counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there were no arguable issues to raise. Fogarty filed his own brief contesting the denial of the downward departure, claiming that it was based upon "erroneous facts and incompetent evidence." The state's answer brief contended that the claim was not appealable, citing to *Jorquera v. State*, 868 So. 2d 1250 (Fla. 4th

DCA 2004). We affirm, finding that no issues of arguable merit exist, but we issue this opinion for the limited purpose of receding from our decisions in *Jorquera* and *Marshall v. State*, 978 So. 2d 279 (Fla. 4th DCA 2008), where we declined review of trial courts' discretionary decisions to deny downward departure sentences. We hold that such determinations are appealable under the process enunciated in *Banks v. State*, 732 So. 2d 1065 (Fla. 1999).

In *Jorquera*, this court held that section 924.06(1), Florida Statutes, allowing appeals from illegal sentences, did not give the appellate courts jurisdiction to review a trial court decision to deny a downward departure. *Jorquera*, 868 So. 2d at 1253. We cited *Patterson v. State*, 796 So. 2d 572, 574 (Fla. 2d DCA 2001), *review denied*, 817 So. 2d 849 (Fla. 2002), which reached the same conclusion. Our decision in *Marshall* dismissed an appeal of the denial of a downward departure sentence, citing to *Jorquera*. *Marshall*, 978 So. 2d at 280.

However, in *Barnhill v. State*, 140 So. 3d 1055 (Fla. 2d DCA 2014), the Second District receded from *Patterson* after determining that subsequent decisions from the supreme court could not be reconciled with *Patterson*'s holding. The court concluded that both case law and Florida Rule of Appellate Procedure 9.140 had expanded appeals to both illegal and unlawful sentences. *Id.* at 1059-60. Specifically, it pointed to *Banks v. State*, 732 So. 2d 1065 (Fla. 1999), in which the supreme court outlined the procedure for both the trial court consideration of a departure sentence *and the standard of review on appeal.* The supreme court said:

> A trial court's decision whether to depart from the guidelines is a two-part process. First, the court must determine whether it *can* depart, i.e., whether there is a valid legal ground and adequate factual support for that ground in the case pending before it (step 1). Legal grounds are set forth in case law and statute, and facts supporting the ground must be proved at trial by "a preponderance of the evidence." This aspect of the court's decision to depart is a mixed question of law and fact and **will be sustained on review if the court applied the right rule of law and if competent substantial evidence supports its ruling.**
>
> * * * *
>
> Second, where the step 1 requirements are met, the trial court further must determine whether it *should* depart, i.e., whether departure is indeed the best sentencing option for the

2

defendant in the pending case.  In making this determination (step 2), the court must weigh the totality of the circumstances in the case, including aggravating and mitigating factors. **This second aspect of the decision to depart is a judgment call within the sound discretion of the court and will be sustained on review absent an abuse of discretion.** Discretion is abused only where no reasonable person would agree with the trial court's decision.

*Id.* at 1067-68 (footnotes omitted, bolded emphasis supplied).  Thus, the supreme court did allow for appellate review of both steps of the procedure for downward departure, albeit using different standards of review.  The first step is reviewable for legal error and competent substantial evidence.  The second step as to whether to downwardly depart is reviewable for an abuse of discretion.  *But see Patrizi v. State*, 31 So. 3d 229, 231 (Fla. 1st DCA 2010) (appellate court may review only instances of legal error in defining or applying trial court's discretionary authority).  For these reasons, we recede from *Jorquera* and *Marshall.*

Here, the trial court applied the two-prong standard set forth in *Banks.* In doing so, it determined that there was a ground for a downward departure, *i.e.,* that it was an isolated incident and appellant showed remorse.  Nevertheless, the trial court declined to downwardly depart because of the level of appellant's intoxication.  The court also commented that driving while intoxicated is not an accident.  In his pro se brief, appellant challenges the factual predicate for his blood alcohol level, but no objection was made that the state's statements were in error, and appellant did not offer any evidence to contradict the blood alcohol level.  Thus, the issue is not preserved.  The trial court did not abuse its discretion in denying a downward departure.  Additionally, there are no other issues which could be advanced in good conscience on appellant's behalf.

Accordingly, we affirm the conviction and sentence.

DAMOORGIAN, C.J., STEVENSON, GROSS, TAYLOR, MAY, CIKLIN, GERBER, LEVINE, CONNER, FORST and KLINGENSMITH, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***

3