LAMBERT, J.
John Owen Kiley timely appeals his judgment and ten-year prison sentence for vehicular homicide. He argues that the trial court erred in denying his request for a downward departure sentence.[1] Having carefully reviewed the record, we conclude that the trial court did not err in its analysis as to whether or not it had the ability or authority to impose a downward departure sentence in this case. We also hold that the trial court did not abuse its discretion in declining to impose a departure sentence.[2] See Banks v. State , 732 So. 2d 1065, 1067-68 (Fla. 1999) (holding that the aspect of a trial court's decision as to whether it should impose a downward departure sentence "is a judgment call within the sound discretion of the court and will be sustained on review absent an abuse of discretion"); accord Fogarty v. State , 158 So. 3d 669, 670-71 (Fla. 4th DCA 2014) ; Barnhill v. State , 140 So. 3d 1055, 1060 (Fla. 2d DCA 2014).
AFFIRMED.
EVANDER, C.J., and HARRIS, J., concur.

Kiley's lowest permissible sentence on his Criminal Punishment Code Scoresheet was 111 months' incarceration (nine years and three months).

We acknowledge that previously, in Little v. State , 152 So. 3d 770, 771-72 (Fla. 5th DCA 2014), we had stated that an appellate court lacks the authority to review a trial court's discretionary decision to deny a requested downward departure sentence. This statement, however, was not essential to the decision in that case and, being mere dicta, was of no precedential value. See State ex rel. Biscayne Kennel Club v. Bd. of Bus. Regulation , 276 So. 2d 823, 826 (Fla. 1973) (recognizing that a statement in a district court of appeal opinion that was not essential to the decision of the court is obiter dictum and without force as precedent).