DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

JEFFREY W. LEE,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2025-0078
_____

June 12, 2026

Appeal from the Circuit Court for Sarasota County; Dana M. Moss,
Judge.

Jeffrey W. Lee, pro se.

James Uthmeier, Attorney General, Tallahassee, and Taylor A. Schell,
Assistant Attorney General, Tampa, for Appellee.


LUCAS, Chief Judge.

Jeffrey Lee appeals a judgment and sentence imposed after his
admitted violation of probation[1] and open plea to the court. He raises
four issues for our consideration. We find merit in the third issue, in
which he argues that the trial court erred in denying his request for a

_____

[1] Lee was serving a forty-eight-month term of probation for various
theft, fraud, and drug possession crimes in 2019, 2020, and 2021. He
violated the terms of his probation on numerous occasions.

downward departure because the trial court misunderstood that it had discretion to impose a prison sentence lower than the lowest permissible sentence under the Criminal Punishment Code.

During sentencing, the State informed the trial court that the lowest permissible sentence under the Criminal Punishment Code was 77.475 months. Lee moved for a downward departure, asking the court to again reinstate probation. Alternatively, he requested a prison sentence of less than 77.475 months.

> THE COURT: I hate this for you, sir, I do, but I don't think it's appropriate to put you back on probation yet another time. And I know that's your request, but I don't think it is.
>
> MR. LEE: So –
>
> THE COURT: What I think is the appropriate –
>
> MR. LEE: Do you –
>
> THE COURT: -- is just give you the lowest permissible sentence allowed under the law.
>
> MR. LEE: Even on that, you don't believe that there's any departure from that amount of prison time, with everything I went through with probation?
>
> THE COURT: I'm going to give you every bit of credit that you have towards the sentence. I –
>
> MR. LEE: That's crazy.

After reciting Lee's older case numbers for sentencing, the court incorporated a new violation case, and as to that case, the court remarked, "For that one again, *I'm bound by the lowest permissible.*" (Emphasis added.) Lee continued to press his argument for a lower prison sentence.

> THE COURT: . . . [Y]ou're a very smart man. I just don't think it works for putting you on probation. I think it's just digging a hole deeper and deeper. And I'm –
>
> MR. LEE: Right, but I – still blows my mind that even if you did that, that you didn't find that with everything that's

2

happened and – that there could have been less prison time. You could have said – instead of seventy-eight months, you could have said, because of the things that happened, they have medium weight, a little bit of weight, I'll give you fifty months.

THE COURT: Sure.

MR. LEE: You know?  It just blows my mind.

> . . . .

THE COURT: -- *I'm bound by the law.*  So if I find a basis for a downward departure – and I still have to find that it's appropriate.  In this case, I found it's not going to be appropriate.  So if I do a downward departure and put you back out on probation to get treatment – which I don't think is the right call here, I just don't under these circumstances.

*But the law doesn't give me the discretion to say, well, even though I don't think you're a candidate for probation, it's appropriate to put you back out,* you did pretty well in some areas – and you did.  You finished the CORT program.  You've done some things very well, and I'm hearing that.  *But by me finding that you're not a candidate for probation, I don't think you're amenable to continuing with this, I don't have the discretion to say, but I'll just shave some time off of this lowest permissible.*  It doesn't –

MR. LEE: Okay.

THE COURT: *It doesn't work that way.*  If I'm going to find a basis for downward departure, it's because I'm going to put you back out there and keep going with treatment, which I just don't think it's right to put you back on probation again.

(Emphasis added.)

After the court entered concurrent prison sentences of 77.475 months on all of Lee's cases, this appeal was timely filed.  We have jurisdiction.[2]

---

[2] In *Barnhill v. State,* 140 So. 3d 1055, 1060 (Fla. 2d DCA 2014), this court concluded that appellate courts have the jurisdiction to correct sentencing errors that are unlawful but "not completely illegal" and therefore can review a trial court's denial of a downward departure

> Generally, we review an order on a motion for downward departure for an abuse of discretion. *Banks v. State*, 732 So. 2d 1065, 1068 (Fla. 1999). "But because the issue here revolves around the trial court's applying an incorrect standard in determining whether to exercise its discretion, we apply a de novo standard of review." *Barnhill v. State*, 140 So. 3d 1055, 1060–61 (Fla. 2d DCA 2014).

*White v. State*, 350 So. 3d 401, 403 (Fla. 2d DCA 2022).

In *Banks v. State*, 732 So. 2d 1065, 1067–68 (Fla. 1999), the Florida Supreme Court established a two-part test trial courts must employ when considering a motion for downward departure of a criminal sentence: first, the court must determine "whether there is a valid legal ground and adequate factual support for that ground" for departure (whether the court *can* depart); second, the trial court must decide "whether departure is indeed the best sentencing option for the defendant" (whether it *should* depart). As to the first step—whether a court can depart—the Fourth District drew an important distinction between lowest permissible sentences and minimum mandatory sentences in *Jones v. State*, 414 So. 3d 199, 201 (Fla. 4th DCA 2025).

> Jones' offense was not subject to any "minimum mandatory sentence." Jones was subject to the lowest permissible sentence as calculated by his CPC scoresheet. § 921.00265(1), Fla. Stat. (2021) ("The lowest permissible

---

request. We must note that there is a jurisdictional split as to whether an appellate court has jurisdiction to review a trial court's denial of a downward departure request after a guilty plea is entered. In *Wilson v. State*, 306 So. 3d 1267, 1273 (Fla. 1st DCA 2020), *review granted*, 2021 WL 1157838 (Fla. Mar. 26, 2021), the First District certified conflict with the decisions reached in *Barnhill*, 140 So. 3d at 1060, *Kiley v. State*, 273 So. 3d 193, 194 (Fla. 5th DCA 2019), and *Fogarty v. State*, 158 So. 3d 669, 671 (Fla. 4th DCA 2014), and concluded that a defendant may not appeal an order denying a motion for a downward departure. Since the Florida Supreme Court is currently reviewing this conflict and has not yet issued an opinion, we will abide by this court's interpretation of the law, as outlined in *Barnhill*.

> sentence . . . is assumed to be the lowest appropriate sentence for the offender being sentenced. A departure sentence is prohibited unless there are mitigating circumstances or factors present as provided in s. 921.0026 which reasonably justify a departure."). The CPC's lowest permissible sentence is not a "minimum mandatory sentence." A trial court has discretion under the CPC to depart below the lowest permissible sentence. *See* § 921.0026, Fla. Stat. (2021) (setting out some mitigating circumstances that may "reasonably justify" a downward departure).

*Id.* (alteration in original). Recently, in *Morgan v. State*, 427 So. 3d 141, 144 (Fla. 2d DCA 2025), we reversed a trial court's denial of a downward departure motion where the trial court "erroneously found that it had 'no alternative' but to sentence Mr. Morgan according to his criminal punishment code scoresheet," when, in fact, the defendant's autism diagnosis could have supported a lower prison sentence.

The holdings in *Morgan* and *Jones* apply here. The trial court proceeded under the misconception that the only downward departure alternative to Lee's lowest permissible sentence would have been another, futile attempt at probation. The trial court had another option. It could have, as Lee repeatedly requested, imposed a prison sentence less than 77.475 months.

We express no opinion on whether there is, in fact, a viable basis for a downward departure prison sentence or, if there is, whether it would be appropriate to impose such a sentence. That will be for a judge to decide at resentencing. We simply hold that the trial court erred when it concluded that extending Lee's probation was the only basis upon which it could have entered a downward departure sentence. On that limited basis, we reverse and remand for resentencing in accordance with this opinion.

Reversed and remanded with directions.

SILBERMAN and SMITH, JJ., Concur.

_____

Opinion subject to revision prior to official publication.